## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LINNEA MICHAELS et al.,

               Plaintiffs,

    v.

FELLOWSHIPS AT AUSCHWITZ FOR THE
STUDY OF PROFESSIONAL ETHICS et al.,

               Defendants.

Docket No. 1:20-cv-05414-RA

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND DISMISSAL OF THE COMPLAINT

---

David E. Strand, Esq.
FISHER & PHILLIPS LLP

The New York Times Building
620 Eighth Avenue, 36th Floor
New York, NY 10018

430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974

Tel.: (908) 516-1050
Fax: (908) 516-1052
E-mail: dstrand@fisherphillips.com
Attorneys for Defendants

*Of Counsel:*
David E. Strand, Esq.

*On the Brief:*
David J. Treibman, Esq.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STANDARD OF REVIEW ..................................................................................................... 2

    I.    Summary Judgment. ................................................................................................ 2

    II.   Rule 12(b)(6). ......................................................................................................... 4

LEGAL ARGUMENT ............................................................................................................ 5

    I.    The Court Lacks Personal Jurisdiction Over Most of the Individual Defendants. ............. 5

    II.   Plaintiffs Make No Actionable Allegations Against Most of the Individual Defendants.. 6

    III.  Plaintiffs' Federal Claims Should Be Dismissed with Prejudice. ...................................... 6

        A.   McCone Cannot State Claims Under Title VII or the ADEA. ...................................... 8

        B.   The Individual Defendants Are Not Subject to Liability Under Title VII or the ADEA. ......................................................................................................................... 9

        C.   Plaintiffs Failed to Exhaust Administrative Remedies. ................................................. 9

    IV.  McCone Fails to State a Claim Under the NYSHRL. ...................................................... 10

    V.   The Complaint Fails to State an NYSHRL Claim Against the Individual Defendants. .. 11

    VI.  The Complaint Fails to State a Whistleblower Claim. ...................................................... 12

    VII. Neither Zoni nor Michaels Can State a Claim for Breach of Contract. ........................... 14

    VIII. The Complaint Fails to State a Claim for Breach of the Duty of Loyalty or Breach  of Fiduciary Duty. ......................................................................................................... 15

    IX.  The Complaint Fails to State Any Fraud Claims. ............................................................ 16

    X.   The Complaint Fails to State Claims in Quasi-Contract. ................................................. 18

    XI.  The Complaint Fails to State Any Negligence Claims. ................................................... 19

    XII. The Complaint Fails to State a Defamation Claim. ......................................................... 21

    XIII. The Complaint Fails to State a Tortious Interference Claim. .......................................... 24

    XIV. The Complaint Fails to State a Conversion Claim. .......................................................... 26

CONCLUSION ...................................................................................................................... 26

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Aetna Cas. & Surety Co. v. Aniero Concrete Co.*,
   404 F.3d 566 (2d Cir. 2005) ................................................................................3, 10

*Alex v. Gen'l Elec. Co.*,
   No. 12-1021, 2014 WL 2510561 (N.D.N.Y. June 4, 2014) .....................................12

*Ali v. City of N.Y.*,
   No. 11-5469, 2012 WL 3958154 (S.D.N.Y. Sept. 5, 2012) .....................................3

*Arungwa v. Brennan*,
   No. 17-9586, 2019 WL 199515 (S.D.N.Y. Jan. 14, 2019) .......................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................4

*Balaj v. L&N Twins Place LLC*,
   No. 20-1858, 2020 WL 7211235 (S.D.N.Y. Dec. 4, 2020) .....................................15

*Banco Indus. de Venezuela, C.A. v. CDW Dir., L.L.C.*,
   888 F. Supp. 2d 508 (S.D.N.Y. 2012) ...............................................................19, 21

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................4

*Bernstein v. N.Y.C. Dep't of Educ.*,
   No. 19-11816, 2020 WL 6564809 (S.D.N.Y. Nov. 9, 2020) ....................................9

*Bidonthecity.com LLC v. Halverston Holdings Ltd.*,
   No. 12-9258, 2014 WL 1331046 (S.D.N.Y. Mar. 31, 2014) .....................................5

*Blige v. CUNY*,
   No. 15-8873, 2017 WL 498580 (S.D.N.Y. Jan. 19, 2017) ................................22, 23

*Boonmalert v. City of N.Y.*,
   721 F. App'x 29 (2d Cir. 2018) ................................................................................12

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
   373 F.3d 296 (2d Cir. 2004) .....................................................................................18

*Burnett v. Trinity Inst. Homer Perkins Ctr., Inc.*,
   No. 10-681, 2011 WL 281023 (N.D.N.Y. Jan. 25, 2011) .......................................23

*Can't Stop Prods., Inc. v. Sixuvus, Ltd.*,
   295 F. Supp. 3d 381 (S.D.N.Y. 2018).................................................................18

*Cater v. N.Y.*,
   316 F. Supp. 3d 660 (S.D.N.Y. 2018).................................................................12

*Cohen v. Avanade, Inc.*,
   874 F. Supp. 2d 315 (S.D.N.Y. 2012)............................................................20, 21

*Crown Castle NG E. LLC v. City of Rye*,
   No. 17-3535, 2017 WL 6311693 (S.D.N.Y. Dec. 8, 2017) .........................................7

*Deaton v. Napoli*,
   No. 17-4592, 2019 WL 4736722 (E.D.N.Y. Sept. 27, 2019) ...................................22, 25, 26

*Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*,
   631 F.3d 42 (2d Cir. 2011)..............................................................................19

*Doe v. Colgate Univ.*,
   457 F. Supp. 3d 164 (N.D.N.Y. 2020) ...............................................................19

*Dove v. Fordham Univ.*,
   56 F. Supp.2d 330 (S.D.N.Y. 1999)....................................................................6

*Eisenberg v. Advance Relocation & Storage, Inc.*,
   237 F.3d 111 (2d Cir. 2000).........................................................................8, 10

*EMA Fin., LLC v. Joey N.Y., Inc.*,
   No. 17-9706, 2019 WL 460083 (S.D.N.Y. Sept. 22, 2019) ......................................3

*Evliyaoglu Tekstil A.S. v. Turko Textile LLC*,
   No. 19-10769, 2020 WL 7774377 (S.D.N.Y. Dec. 30, 2020) .............................21, 22, 23, 25

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
   545 U.S. 546 (2005).....................................................................................6

*FAT Brands Inc. v. PPMT Capital Advisors, Ltd.*,
   No. 19-10497, 2021 WL 37709 (S.D.N.Y. Jan. 5, 2021) .........................................5

*Fernandez v. City of N.Y.*,
   No. 19-4021, 2020 WL 4605238 (S.D.N.Y. Aug. 11, 2020)...................................10

*Ferris v. Delta Air Lines, Inc.*,
   277 F.3d 128 (2d Cir. 2001)..........................................................................20

*FPP, LLC v. Xaxis US, LLC*,
   764 F. App'x 92 (2d Cir. 2019) ..................................................................17, 18

*Ganske v. Mensch*,
  480 F. Supp. 2d 542 (S.D.N.Y. 2020)........................................................................21, 22, 24

*Ganske v. Mensch*,
  480 F. Supp. 3d at 556 ...........................................................................................24, 25

*Gen. Ins. Co. of Am. v. K. Capolino Constr. Corp.*,
  983 F. Supp. 403 (S.D.N.Y. 1997)........................................................................20

*George v. Prof'l Disposables Int'l, Inc.*,
  221 F. Supp. 3d 428 (S.D.N.Y. 2016)...................................................................11

*Gindi v. N.Y.C. Dep't of Educ.*,
  786 F. App'x 280 (2d Cir. 2019) ...........................................................................9

*Goldman v. Barrett*,
  733 F. App'x 568 (2d Cir. 2018) ...........................................................................22, 25

*Goldman v. Barrett*,
  No. 15-9223, 2017 WL 4334011 (S.D.N.Y. July 25, 2017),
  *aff'd*, 733 F. App'x 568 (2d Cir. 2018)...............................................................26

*Hallett v. Stuart Dean Co.*,
  No. 20-3881, ___ F. Supp. 3d ___,
  2021 WL 405831 (S.D.N.Y. Feb. 5, 2021)...............................................15, 16, 17, 20

*Hermant Patel M.D., P.C. v. Bandikatla*,
  No. 18-10227, 2019 WL 6619344 (S.D.N.Y. Dec. 5, 2019) ...........................................15, 16

*Johnson v. Wendy's Corp.*,
  No. 19-8157, 2021 WL 243055 (S.D.N.Y. Jan. 25, 2021) ......................................9

*Karmilowicz v. Hartford Fin. Servs. Grp.*,
  494 F. App'x 153 (2d Cir. 2012) ...........................................................................19

*Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*,
  274 F.3d 683 (2d Cir. 2001).................................................................................9

*Littlejohn v. City of N.Y.*,
  795 F.3d 297 (2d Cir. 2015).................................................................................9

*Lore v. City of Syracuse*,
  670 F.3d 127 (2d Cir. 2012)................................................................................9

*Moultrie v. VIP Health Care Servs.*,
  No. 08-457, 2010 WL 1037693 (E.D.N.Y. Mar. 17, 2010),
  *aff'd*, 412 F. App'x 382 (2d Cir. 2011)...............................................................9

*NRW, Inc. v. Bindra*,
    775 F. App'x 22 (2d Cir. 2019) .................................................................17

*O'Kane v. N.Y.S. Dep't of Correctional Serv.*,
    No. 20-2148, 2020 WL 3962043 (S.D.N.Y. July 10, 2020) ......................6

*Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*,
    772 F.3d 111 (2d Cir. 2014)........................................................................6

*Paul v. Lenox Hill Hosp.*,
    No. 13-1566, 2016 WL 47775532 (E.D.N.Y. Jan. 15, 2016).................23

*Payne v. Comm'r of Internal Revenue*,
    224 F.3d 415 (5th Cir. 2000) ......................................................................7

*Peddy v. L'Oreal USA, Inc.*,
    No. 18-7499, 2020 WL 4003587 (S.D.N.Y. July 15, 2020).........2, 3, 10

*Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*,
    460 F. Supp. 3d 481 (S.D.N.Y. 2020)................................................16, 18

*Poplar La. Farm, LLC, E. v. Fathers of Our Lady of Mercy*,
    449 F. App'x 57 (2d Cir. 2011) ................................................................19

*Proffitt v. Vill. of Deposit*,
    No. 15-750, 2018 WL 1157940 (N.D.N.Y. Mar. 2, 2018) ......................7

*Raymond Louvier Irrevocable Trust v. Loubier*,
    858 F.3d 719 (2d Cir. 2017)........................................................................6

*Rivera v. Affineco LLC*,
    No. 16-7261, 2018 WL 2084152 (S.D.N.Y. Mar. 26, 2018)..................13

*Robinson v. Overseas Military Sales Corp.*,
    21 F.3d 502 (2d Cir. 1994)..........................................................................8

*Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of N.J.*,
    894 F. Supp. 2d 288 (S.D.N.Y. 2012)......................................................24

*Rosado v. City of N.Y.*,
    No. 18-9760, 2020 WL 2836481 (S.D.N.Y. June 1, 2020) ......................9

*Sabilia v. Richmond*,
    No. 11-793, 2011 WL 7091353 (S.D.N.Y. Oct. 26, 2011)....................20

*Stefanidis v. Jos. A. Bank Clothiers, Inc.*,
    No. 14-971, 2016 WL 845297 (D. Conn. Mar. 2, 2016) ........................8

*Sutter v. DiBello*,
    No. 18-817, 2019 WL 4195303 (E.D.N.Y. Aug. 12, 2019) ......................................8

*Trahan v. Lazar*,
    457 F. Supp. 3d 323 (S.D.N.Y. 2020)......................................................................26

*United States v. Smith*,
    985 F. Supp. 2d 547 (S.D.N.Y. 2014),
    *aff'd*, 664 F. App'x 23 (2d Cir. 2016)......................................................................15

*Viruet v. Citizen Advice Bureau*,
    No. 01-4594, 2002 WL 1880731 (S.D.N.Y. Aug. 15, 2002).....................................23

*W.P. Carey, Inc. v. Bigler*,
    No. 18-585, 2019 WL 1382898 (S.D.N.Y. Mar. 27, 2019).......................................3

*Whelehan v. Bank of Am. Pension Plan for Legacy Cos.*,
    621 F. App'x 70 (2d Cir. 2015) ..............................................................................3

*Williams Trading LLC v. Wells Fargo Sec., LLC*,
    553 F. App'x 33 (2d Cir. 2014) ..............................................................................15

*Wynn v. Topco Assocs.*,
    No. 19-11104, 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) ......................................4

**State Cases**

*Bd. of Mgrs. of Beacon Tower Condo. v. 85 Adams St., LLC*,
    136 A.D.3d 680, 25 N.Y.S.3d 233 (2d Dep't 2016) ...............................................17

*Chrysler Credit Corp. v. Dioguardi Jeep Eagle, Inc.*,
    192 A.D.2d 1066, 596 N.Y.S.2d 230 (4th Dep't 1993).........................................16

*Clark-Fitzpatrick, Inc. v. LIRR*,
    70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987)....................................21

*Colovito v. N.Y. Organ Donor Network, Inc.*,
    8 N.Y.3d 43, 827 N.Y.S.2d 96, 860 N.E.2d 713 (2006).........................................26

*Cotrone v. Consol. Edison Co. of N.Y.*,
    50 A.D.3d 354, 856 N.Y.S.2d 48 (1st Dep't 2008) ...............................................13

*CSI Grp. v. Harper*,
    153 A.D.3d 1314, 61 N.Y.S.3d 592 (2d Dep't 2017)..............................................26

*De Petris v. Union Settlement Ass'n*,
    86 N.Y.2d 406, 633 N.Y.S.2d 274, 657 N.E.2d 269 (1995)....................................14

*Doe v. Bloomberg, L.P.*,
No. 8, ___ N.Y.3d ___, 2021 WL 496608 (N.Y. Feb. 11, 2021) ...........................................11

*Freese v. Willa*,
89 A.D.3d 795, 932 N.Y.S.2d 512 (2d Dep't 2011) ....................................................13

*Garner v. China Natural Gas, Inc.*,
71 A.D.3d 825, 898 N.Y.S.2d 49 (2d Dep't 2010) ....................................................13

*Gersten-Hillman Agency, Inc. v. Heyman*,
68 A.D.3d 1284, 892 N.Y.S.2d 209 (3d Dep't 2009) ....................................................15

*Guerrero v. W. 23rd St. Realty, LLC*,
45 A.D.3d 403, 846 N.Y.S.2d 41 (1st Dep't 2007) ....................................................19

*ID Beauty S.A.S. v. Coty Inc.*,
164 A.D.3d 1186, 84 N.Y.S.3d 449 (1st Dep't 2018) ....................................................19

*Murphy v. Am. Home Prod.*,
58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983)....................................................14

*In re Part 60 Put-Back Litig.*,
No. 84, ___ N.Y.3d ___, 2020 WL 7497993 (Dec. 22, 2020)....................................................17

*Ramsay v. Imogene Bassett Hosp.*,
113 A.D.2d 149, 495 N.Y.S.2d 282 (3d Dep't 1985).................................................22, 25

*Rather v. CBS Corp.*,
68 A.D.3d 49, 886 N.Y.S.2d 121 (1st Dep't 2009) ....................................................15

*Remba v. Fed'n Emp't & Guidance Serv.*,
76 N.Y.2d 801, 559 N.Y.S.2d 961, 559 N.E.2d 655 (1990)....................................................13

*Sabetay v. Sterling Drug, Inc.*,
69 N.Y.2d 329, 514 N.Y.S.2d 209, 506 N.E.2d 919 (1987)....................................................14

*Smalley v. Dreyfus Corp.*,
10 N.Y.3d 55, 853 N.Y.S.2d 270, 882 N.E.2d 882 (2008)....................................................14

*Stephens v. Prudential Ins. Co. of Am.*,
278 A.D.2d 16, 717 N.Y.S.2d 144 (1st Dep't 2000) ....................................................12

*Walman v. Englishtown Sportswear, Ltd.*,
92 A.D.2d 833, 460 N.Y.S.2d 552 (1st Dep't 1983) ....................................................15

**Federal Statutes**

26 U.S.C. §6501(a) ....................................................................................7

28 U.S.C. §1331 ...................................................................................................6

28 U.S.C. §1332 ...................................................................................................6

28 U.S.C. §1367(c) .............................................................................................27

28 U.S.C. §1367(c)(3) ..........................................................................................1

29 U.S.C. §621 et seq ...........................................................................................1

29 U.S.C. §623 .....................................................................................................8

42 U.S.C. § 2000e et seq. ......................................................................................1

42 U.S.C.§2000e-2 ...............................................................................................8

42 U.S.C. §2000e-3 ..............................................................................................8

**State Statutes**

N.Y. Exec. Law §296(6) .....................................................................................11

N.Y. Lab. Law §191(3) .........................................................................................7

N.Y. Lab. Law §740 .......................................................................................12, 13

N.Y. Lab. Law §740(2) .......................................................................................12

N.Y. Lab. Law §740(2)(a) ...................................................................................13

**Rules**

Fed.R.Civ.P. 12(b)(2) ...........................................................................................6

Fed.R.Civ.P. 12(b)(6)................................................................................... *passim*

Fed.R.Civ.P. 56 ................................................................................................2, 3

Fed.R.Civ.P. 56(a) ...............................................................................................2

Fed.R.Civ.P. 56(b) ...............................................................................................3

Fed.R.Civ.P. 56(d) ...............................................................................................3

NYCPLR §215(3) ...............................................................................................22

## PRELIMINARY STATEMENT

According to the Complaint (Doc. 1), Plaintiffs Linnea Michaels and Mary-Kathryn Zoni are former employees of Defendant Fellowships at Auschwitz for the Study of Professional Ethics, Inc. ("FASPE"), and Plaintiff Rev. Susan J. McCone is a former independent contractor of FASPE. Because the parties lack diversity, Plaintiffs are in this Court, rather than New York state court, based solely on their attempts to state claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. Their attempts to state those federal claims fail because (1) they failed to exhaust administrative remedies and are out of time to do so, (2) Plaintiff McCone, as an independent contractor, cannot maintain Title VII or ADEA claims, and (3) Plaintiffs impermissibly attempt to assert their Title VII and ADEA claims against the individual Defendants (C. David Goldman, Andrew Eder, Eric Muller, Debbie Bisno, Nancy Angoff, Frederick Marino, and Thorsten Wagner). Plaintiffs' federal claims should therefore be dismissed with prejudice, with summary judgment being granted for failure to exhaust, and Plaintiffs' attempt to state a claim on behalf of McCone and against the individual Defendants being disposed of under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

Defendants understand that once the Court has dismissed Plaintiffs' federal claims, it has the discretion under 28 U.S.C. §1367(c)(3) to decline to exercise supplemental jurisdiction over any of Plaintiffs' state law claims. However, because, as set forth in detail below, nearly all of Plaintiffs' attempts to state claims under state law are utterly without merit, it would be to the parties' benefit, and to the benefit of the judicial system as a whole, to dispose of them on the merits now under Rule 12(b)(6), so further resources need not expended litigating them. For example, the Complaint fails to state a claim against the individual Defendants under the New

FP 39838177.5

York State Human Rights law, because there is no basis for individual liability. The Complaint fails to state a whistleblower claim because there are no allegations of actual or threatened whistleblowing with respect to a "substantial and specific danger to the public health or safety," as the statute requires. Plaintiffs Zoni and Michaels cannot state a claim for breach of contract because they had no contract. There can be no claims for breach of the duty of loyalty or of fiduciary duty, because Defendants had no such duty. The Complaint states no fraud claims because what it is really attempting to plead is a breach of contract. The Complaint states no conversion claim because there are no allegations regarding any personal property, let alone its conversion. There are many other fatal flaws in the Complaint's forlorn attempts to state claims under New York law.

Finally, Defendants respectfully submit that once the Court has ruled on the substance of Plaintiffs' claims – such as it is – the Court should then dismiss whatever remains of their claims under §1367, leaving Plaintiffs to decide whether it is worthwhile to continue pursuing the vestiges of this litigation in state court.

## STANDARD OF REVIEW

### I.  Summary Judgment.

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law" and "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Peddy v. L'Oreal USA, Inc.*, No. 18-7499, 2020 WL 4003587, at *13 (S.D.N.Y. July 15, 2020) (Abrams, J., quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)). "To survive summary judgment, 'a plaintiff must

provide more than conclusory allegations ... and show more than some metaphysical doubt as to the material facts.'" *Id.* (quoting *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106, 101 (2d Cir. 2010)).

"The moving party has the initial burden of demonstrating that no genuine issue of material fact exists." *Id.* (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Once the moving party does so, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* (quoting *Brown*, 654 F.3d at 358).

Defendants bring this motion prior to discovery, but "there is no general right to discovery prior to the entry of summary judgment." *W.P. Carey, Inc. v. Bigler*, No. 18-585, 2019 WL 1382898, at *12 (S.D.N.Y. Mar. 27, 2019); *Ali v. City of N.Y.*, No. 11-5469, 2012 WL 3958154, at *3 & n.10 (S.D.N.Y. Sept. 5, 2012) (citing cases). On the contrary, under Rule 56(b) "summary judgment may be sought at any time after a pleading is served." *Aetna Cas. & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 573 (2d Cir. 2005); *see also, e.g., W.P. Carey*, 2019 WL 1382898, at *12 n.7 (Rule 56 permits a summary judgment motion "at any time, even as early as the commencement of the action") (quoting Fed.R.Civ.P 56 Adv. Comm. Notes to 2009 amendments). To avoid consideration of the motion until discovery has been taken, the nonmovant must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed.R.Civ.P. 56(d); *see, e.g., EMA Fin., LLC v. Joey N.Y., Inc.*, No. 17-9706, 2019 WL 460083, at *4 (S.D.N.Y. Sept. 22, 2019) (setting forth required contents of affidavit); *Whelehan v. Bank of Am. Pension Plan for Legacy Cos.*, 621 F. App'x 70, 73 (2d Cir. 2015); *Ali*, 2012 WL 3958154, at *3.

Defendants are entitled summary judgment on Plaintiffs' Title VII and ADEA claims

because it is undisputed (as Plaintiffs' response to this motion will confirm) that Plaintiffs failed to exhaust their administrative remedies and are now time-barred from doing so. There is no need for discovery, because Plaintiffs are necessarily perfectly well aware of their failure.

## II.    Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Wynn v. Topco Assocs.*, No. 19-11104, 2021 WL 168541, at *2 (S.D.N.Y. Jan. 19, 2021) (Abrams, J.). This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 550 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'"; nor will "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 555).  A claim has "facial plausibility" where the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; it must offer "more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with' a defendant's liability"; in such a case, the complaint "'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557; some internal quotation marks omitted); *Topco*, 2021 WL 168541, at *2. Much of the Complaint does not even rise to the level of threadbare.

More specifically, Plaintiffs' Title VII and ADEA claims are not only subject to summary judgment for failure to exhaust, but also to dismissal under Rule 12(b)(6) because (1) McCone was not a FASPE employee but an independent contractor, and (2) Plaintiffs impermissibly attempt to

assert Title VII and ADEA against the individual Defendants.

In addition, nearly all of Plaintiffs' attempts to state claims under New York law fail for reasons summarized in the Preliminary Statement above and as set forth in detail in the Legal Argument below, and those claims should be dismissed under Rule 12(b)(6) along with Plaintiffs' federal claims.

## LEGAL ARGUMENT

### I.     The Court Lacks Personal Jurisdiction Over Most of the Individual Defendants.

Defendant Eder is alleged to be a resident of Connecticut. (Compl. ¶6.) Defendant Muller is alleged to be a resident of North Carolina, where he is also alleged to be employed as a professor at the University of North Carolina School of Law. (Compl. ¶7.) Defendant Bisno is alleged to be a resident of New Jersey. (Compl. ¶8.) Defendant Angoff is alleged to be a resident of Connecticut. (Compl. ¶9.) Defendant Marino is alleged to be a resident of Florida. (Compl. ¶10.) The Complaint alleges that Eder, Bisno, Angoff, and Marino are members of FASPE's Board of Directors (Compl. ¶¶6, 8, 9, 10) and that Muller is the Director of FASPE's Academic Committee (Compl. ¶7). Those alleged relationships with FASPE, which the Complaint alleges to be a New York corporation with its principal place of business in New York (Compl. ¶4), is the only connection the four Defendants are alleged to have with New York.

It is not enough. "Jurisdiction over a corporation's board member, officer or employee, in his or her own individual capacity, must be premised on the defendant's own personal contacts with the forum"; "a person's status as a board member is not alone sufficient to establish jurisdiction." *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12-9258, 2014 WL 1331046, at *5 (S.D.N.Y. Mar. 31, 2014); *see also, e.g., FAT Brands Inc. v. PPMT Capital Advisors, Ltd.*, No. 19-10497, 2021 WL 37709, at *9 (S.D.N.Y. Jan. 5, 2021) ("[I]t is well

established that individual officers and employees of a corporation are not automatically subject to personal jurisdiction simply because a court can exercise jurisdiction over the corporation") (internal quotation marks & ellipsis omitted). The Court should accordingly dismiss the Complaint with respect to Defendants Eder, Muller, Bisno, Angoff, and Marino for this reason alone, under Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.

## II.   Plaintiffs Make No Actionable Allegations Against Most of the Individual Defendants.

There are no discernible allegations against most of the individual Defendants, specifically Muller (*see* Compl. ¶¶7, 22), Bisno (*id.* ¶¶8, 24, 48), Angoff (*id.* ¶9, 23, 30), and Marino (*id.* ¶¶10, 32). "[W]here a plaintiff names a defendant in the caption of the complaint, but the body of the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate." *O'Kane v. N.Y.S. Dep't of Correctional Serv.*, No. 20-2148, 2020 WL 3962043, at *3 (S.D.N.Y. July 10, 2020); *see also, e.g., Dove v. Fordham Univ.*, 56 F. Supp.2d 330, 335 (S.D.N.Y. 1999) (Where the complaint "contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted"). For this reason alone, the Court should dismiss the Complaint with respect to those four Defendants.

## III.   Plaintiffs' Federal Claims Should Be Dismissed with Prejudice.

Plaintiffs assert only federal question jurisdiction under 28 U.S.C. §1331. (Compl. ¶15.) That is as it should be; there is no diversity jurisdiction, 28 U.S.C. §1332, because it is quite clear the parties lack the requisite "complete diversity." (*See* Compl. ¶¶1-4, 6, 9.) *E.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005); *Raymond Louvier Irrevocable Trust v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017); *Pa. Pub. Sch. Emps. Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 119 (2d Cir. 2014). Plaintiffs allege the "issues of federal law" include "tax

FP 39838177.5

fraud, breaches of corporate fiduciary responsibilities, violations of FASPE's 501(c)(3) status, violations of labor law, and employment discrimination, harassment, and retaliation." (Compl. ¶15.) Most of these can be disposed of in a paragraph:

Plaintiffs do not explain how "corporate fiduciary responsibilities" can be a matter of federal rather than state law. Plaintiffs do not explain how "violations" of 501(c)(3) status can give rise to a private cause of action. By "tax fraud" Plaintiffs explain they mean "statutory tax fraud" (Compl. p.21 ¶q), but do not explain how that could give rise to a private cause of action either.[1] The only specification of the vague reference to "violations of labor law" is "failure to pay compensation and other benefits within thirty (30) days of termination of the employment relationship." (Compl. ¶17; *id.* p.21 ¶m.) That is not a federal requirement.[2]

It is neither Defendants' job, nor the Court's, to help Plaintiffs articulate claims, especially since they are represented by counsel. *See, e.g., Crown Castle NG E. LLC v. City of Rye*, No. 17-3535, 2017 WL 6311693, at *5 n.4 (S.D.N.Y. Dec. 8, 2017) (Where plaintiff is represented by counsel, "[t]he Court declines to liberally construe the complaint to read un-pleaded claims and will not address the merits of them"); *Proffitt v. Vill. of Deposit*, No. 15-750, 2018 WL 1157940, at *3 n.4 (N.D.N.Y. Mar. 2, 2018) ("When plaintiffs are represented by legal counsel, neither the court nor defendants should have to engage in guesswork to address every possible legal theory of

---

[1] A search in Westlaw for "statutory tax fraud" in all state and federal case law came up with exactly one decision, which says: "The only exception to the general three-year limitations rule of [26 U.S.C.] §6501(a) that is implicated in this appeal is §6501(c)'s **statutory tax fraud** exception, which provides: 'In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.' The burden of proving fraud is on the government." *Payne v. Comm'r of Internal Revenue*, 224 F.3d 415, 420 (5th Cir. 2000).

[2] Section 191(3) of the New York Labor Law provides: "If employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section. If requested by the employee, such wages shall be paid by mail."

a ... violation that is not clearly delineated in their complaint"); *Sutter v. DiBello*, No. 18-817, 2019 WL 4195303, at *24 (E.D.N.Y. Aug. 12, 2019) ("The Court ... declines to expend its limited resources fleshing out a claim Plaintiff may or may not be attempting to assert"), *adopted*, 2019 WL 4193431 (E.D.N.Y. Sept. 4, 2019); *Stefanidis v. Jos. A. Bank Clothiers, Inc.*, No. 14-971, 2016 WL 845297, at *4 (D. Conn. Mar. 2, 2016) ("A complaint must set forth all of the claims in a lawsuit").

That leaves alleged federal "issues" of "employment discrimination, harassment, and retaliation" (Compl. ¶¶15, 17); more specifically, "[d]iscrimination" based on gender and age; "[h]arassment" based on gender and age; and "[r]etaliation" based on gender and age (Compl. p. 20 ¶¶a-f).[3] Gender discrimination and associated retaliation are addressed by Title VII at 42 U.S.C. §§2000e-2, 2000e-3. Age discrimination and associated retaliation are addressed by the ADEA at 29 U.S.C. §623. Plaintiffs' attempt to state such claims fail for several reasons.

### A.    McCone Cannot State Claims Under Title VII or the ADEA.

McCone was not an employee of FASPE, but an independent contractor. (Compl. ¶38.) As such, she cannot state claims under Title VII or the ADEA, which cover only employees. *See, e.g., Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000) (Title VII); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994) (ADEA). To the extent the Complaint attempts to state federal claims against McCone, it does not and cannot do so and should be dismissed with prejudice, since no amendment to the Complaint could transform McCone from an independent contractor into an employee.

---

[3] The Complaint asserts, in so many words, "Retaliation based upon gender" and "Retaliation based upon age." (Compl. p.20 ¶¶e & f.)

**B.      The Individual Defendants Are Not Subject to Liability Under Title VII or the ADEA.**

"Title VII does not impose liability on individuals." *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012). "As with Title VII, there is no individual liability under the ADEA." *Moultrie v. VIP Health Care Servs.*, No. 08-457, 2010 WL 1037693, at *2 (E.D.N.Y. Mar. 17, 2010), *aff'd*, 412 F. App'x 382 (2d Cir. 2011). Accordingly, Plaintiffs' attempt to state federal claims should be dismissed with respect to the individual Defendants, with prejudice.

**C.      Plaintiffs Failed to Exhaust Administrative Remedies.**

It is well established that "[t]o bring a Title VII or ADEA claim, a plaintiff must first exhaust administrative remedies," *Rosado v. City of N.Y.*, No. 18-9760, 2020 WL 2836481, at *3 (S.D.N.Y. June 1, 2020), which is done by filing a charge "with the Equal Employment Opportunity Commission (EEOC) or an equivalent state agency within 300 days of the alleged discriminatory [or retaliatory] action," *Gindi v. N.Y.C. Dep't of Educ.*, 786 F. App'x 280, 282 (2d Cir. 2019); *accord, e.g., Littlejohn v. City of N.Y.*, 795 F.3d 297, 322 (2d Cir. 2015); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001); *Johnson v. Wendy's Corp.*, No. 19-8157, 2021 WL 243055, at *4 (S.D.N.Y. Jan. 25, 2021); *Bernstein v. N.Y.C. Dep't of Educ.*, No. 19-11816, 2020 WL 6564809, at *4 (S.D.N.Y. Nov. 9, 2020). "These filing deadlines act as a statute of limitations, and failure to file a timely administrative charge acts as a bar to a federal action." *Johnson*, 2021 WL 243055, at *4; *accord, e.g., Legnani*, 274 F.3d at 686.

"The issues pertinent to this motion are straightforward: principally, did Plaintiff[s] exhaust [their] administrative remedies?" *Arungwa v. Brennan*, No. 17-9586, 2019 WL 199515, at *4 (S.D.N.Y. Jan. 14, 2019). They did not.

As the accompanying Declaration of C. David Goldman shows, Defendants were never served with any administrative charges or complaints of discrimination. It is theoretically possible

that Plaintiffs filed charges that were never served, but that is highly unlikely. It is up to Plaintiffs to address the improbability by producing evidence they filed the requisite charges. *See Peddy*, 2020 WL 4003587, at *13 (party opposing summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact"). They will not do so, because they never filed any charges.

Moreover, Plaintiffs don't need discovery in order to address this issue. They know if they filed EEOC charges or not. Indeed, even if Plaintiffs could claim the necessary evidence "is in the hands of defendant[s]," that would be "insufficient" to postpone Defendant's motion. *Aniero Concrete*, 404 F.3d at 573. Summary judgment is without doubt called for here. *See, e.g., Fernandez v. City of N.Y.*, No. 19-4021, 2020 WL 4605238, at *3 (S.D.N.Y. Aug. 11, 2020) ("[W]here it is clear that the nonmoving party cannot defeat the motion by showing facts sufficient to require a trial for resolution, summary judgment may be granted notwithstanding the absence of discovery").

Finally, the Complaint admits that Zoni resigned from her employment with FASPE on November 2, 2018 (Compl. ¶¶2, 28), that Michaels was terminated from her employment with FASPE on October 2 or 3, 2019 (Compl. ¶¶1, 36), and that McCone's contract was terminated on or about January 10, 2019 (Compl. ¶¶3, 45). It is, accordingly, far too late for any of the Plaintiffs to file EEOC charges, and any Title VII or ADEA claims they might have had are consequently time-barred and should be dismissed with prejudice.

## IV.    McCone Fails to State a Claim Under the NYSHRL.

The Complaint attempts to state claims under the New York State Human Rights Law ("NYSHRL") for discrimination, harassment, and retaliation. (Compl. pp.20-21 ¶¶h-j.)  Like Title VII and the ADEA, the NYSHRL covers employees, not independent contractors. *Eisenberg*, 237

F.3d at 113. Accordingly, to the extent McCone is attempting to state an NYSHRL claim, it should be dismissed with prejudice.

## V.   The Complaint Fails to State an NYSHRL Claim Against the Individual Defendants.

None of the Plaintiffs can pursue NYSHRL claims against the individual Defendants. The New York Court of Appeals recently clarified prior precedent and held that "[a] corporate employee, though [the employee] has a title as an officer and is the manager or supervisor of a corporate division, … is not individually liable with respect to discrimination based on age or sex under New York's Human Rights Law or its Labor Law." *Doe v. Bloomberg, L.P.*, No. 8, ___ N.Y.3d ___, 2021 WL 496608, at *3 (N.Y. Feb. 11, 2021) (quoting *Patrowich v. Chem. Bank*, 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984)). "[A] corporate employee simply does not qualify as an 'employer'" under the NYSHRL, "regardless of the employee's position or relationship to the employer." *Id.* at *4.

The only alternative, then, would be aiding and abetting liability. "[A]n individual employee may be subject to aiding and abetting liability, pursuant to [N.Y. Exec. Law] §296(6), when that employee actually participates in the conduct giving rise to a discrimination claim." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 451 (S.D.N.Y. 2016) (Abrams, J.; internal quotation marks omitted). The participation must be "direct" and "purposeful," and the aider and abettor must "share the intent or purpose of the principal actor." *Id.* This immediately rules out imposing liability on Muller, Bisno, Angoff, and Marino, who according to the Complaint did nothing or next to nothing, and certainly did not "directly" or "purposefully" participate in anyone's wrongful conduct.

Moreover, as the Second Circuit and a majority of district courts have held, the "principal actor" cannot at the same time be an aider or abettor, since "an individual cannot aid or abet their

own discriminatory conduct." *Boonmalert v. City of N.Y.*, 721 F. App'x 29, 34 (2d Cir. 2018); *Alex v. Gen'l Elec. Co.*, No. 12-1021, 2014 WL 2510561, at *2 (N.D.N.Y. June 4, 2014) (collecting cases). As a result, Plaintiffs' allegations of improper conduct by Goldman, Eder, and Wagner cannot give rise to individual liability on their part on an aiding and abetting theory. *See, e.g., Cater v. N.Y.*, 316 F. Supp. 3d 660, 672 (S.D.N.Y. 2018) ("Plaintiff characterizes the Governor as both a primary actor and an aider and abettor, thus impossibly accusing him of aiding and abetting his own conduct").

The Complaint accordingly fails to state a claim against the individual Defendants under the NYSHRL, and that claim should be dismissed with respect to them under Rule 12(b)(6).

## VI.    The Complaint Fails to State a Whistleblower Claim.

The Complaint asserts a claim for "[r]etaliation as a result of reporting unlawful activity as a whistleblower." (Compl. p.20 ¶g.) New York's whistleblower statute provides, in pertinent part:

> An *employer* shall not take any retaliatory personnel action against an *employee* because such employee does any of the following:
>
> (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation which violation creates and presents a substantial and specific danger to the *public health or safety*, or which constitutes *health care fraud*;
>
> (b) provides information to, or testifies before, any public body conducting an investigation, hearing or inquiry into any *such violation* of a law, rule or regulation by such employer; or
>
> (c) objects to, or refuses to participate in any *such activity, policy or practice* in violation of a law, rule or regulation.

N.Y. Lab. Law §740(2) (emphasis added).

McCone, as an independent contractor, cannot state a claim under the whistleblower statute. *See, e.g., Stephens v. Prudential Ins. Co. of Am.*, 278 A.D.2d 16, 16, 717 N.Y.S.2d 144, 145 (1st Dep't 2000) ("Labor Law §740 is not applicable since petitioner was clearly an

independent contractor, not respondent's employee"); *Freese v. Willa*, 89 A.D.3d 795, 796, 932 N.Y.S.2d 512, 514 (2d Dep't 2011) (affirming dismissal of §740 claim "because the plaintiff had no employee-employer relationship with any of these defendants").

Moreover, a plaintiff's disclosure, testimony, or objection must relate to "a substantial and specific danger to the *public health or safety*, or … *health care fraud*." N.Y. Lab. Law §740(2)(a) (emphasis added). As the emphasized language indicates, "New York's whistleblower statute is a narrow and specific statutory exception to the employment-at-will doctrine promulgated to protect employees who 'blow the whistle' on employers engaging in unlawful activities that *create a substantial and specific danger to the public health or safety*." *Rivera v. Affineco LLC*, No. 16-7261, 2018 WL 2084152, at *3 (S.D.N.Y. Mar. 26, 2018) (emphasis added); *see also, e.g., Cotrone v. Consol. Edison Co. of N.Y.*, 50 A.D.3d 354, 354, 856 N.Y.S.2d 48, 48 (1st Dep't 2008) ("The provisions of Labor Law §740 regarding retaliatory discharge are to be strictly construed"). Plaintiffs' Complaint in this case suffers the fatal flaw of failing to "allege a violation which would threaten the health or safety of the public at large." *Garner v. China Natural Gas, Inc.*, 71 A.D.3d 825, 827, 898 N.Y.S.2d 49, 51 (2d Dep't 2010); *see also, e.g., Remba v. Fed'n Emp't & Guidance Serv.*, 76 N.Y.2d 801, 802, 559 N.Y.S.2d 961, 961-62, 559 N.E.2d 655, 655-66 (1990) ("[F]raudulent billing [] is not the type of violation which creates a 'substantial and specific danger to the public health or safety"); *id.*, 76 N.Y.2d at 803, 559 N.Y.S.2d at 962, 559 N.E.2d at 656 ("[A]lthough the present 'Whistleblower' statute has been criticized by commentators for not affording sufficient safeguards against retaliatory discharge, any additional protection must come from the Legislature") (citations omitted).

Accordingly, to the extent the Complaint attempts to state a claim under New York's whistleblower statute, it fails to do so and should be dismissed under Rule 12(b)(6). The dismissal

should be with prejudice as against McCone, since no amendment to the Complaint could transform her independent contractor relationship with FASPE into an employment relationship.

## VII.    Neither Zoni nor Michaels Can State a Claim for Breach of Contract.

The Complaint attempts to state a claim for "breach of contract." (Compl. ¶17(4); *id.* p.21 ¶k.) Neither Zoni nor Michaels allege they had "contracts" with FASPE. Rather, both claim to have been hired as employees. Zoni alleges she was "constructively discharged" from her employment with FASPE. (Compl. ¶2.) Michaels alleges she was "terminated" from her employment with FASPE. (Compl. ¶1.) These allegations cannot give rise to a claim for breach of contract.

"Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *De Petris v. Union Settlement Ass'n*, 86 N.Y.2d 406, 410, 633 N.Y.S.2d 274, 276, 657 N.E.2d 269, 271 (1995). There is no allegation in the Complaint of such an agreement, which means Plaintiffs' employment could have been terminated "for any reason, or for no reason." *Smalley v. Dreyfus Corp.*, 10 N.Y.3d 55, 58, 853 N.Y.S.2d 270, 272 , 882 N.E.2d 882, 884, (2008), and that FASPE had "an unfettered right to terminate [their] employment," *Murphy v. Am. Home Prod.*, 58 N.Y.2d 293, 304, 461 N.Y.S.2d 232, 237, 448 N.E.2d 86, 91 (1983).   This has been "settled law" for well over a century, *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 333, 514 N.Y.S.2d 209, 211, 506 N.E.2d 919, 920 (1987) (citing *Martin v. New York Life Ins. Co.*, 148 N.Y. 117, 121, 42 N.E. 416 (N.Y. 1895)), and New York courts "have repeatedly refused to recognize exceptions to, or pathways around, these principles," *Smalley*, 10 N.Y.3d at 58, 853 N.Y.S.2d at 272, 882 N.E.2d at 884.

Zoni and Michaels accordingly fail to state breach of contract claims, and to the extent they attempt to do so, the Complaint should be dismissed under Rule 12(b)(6).

**VIII.   The Complaint Fails to State a Claim for Breach of the Duty of Loyalty or Breach of Fiduciary Duty.**

Plaintiffs assert claims for "breach of duty of loyalty" and "breach of fiduciary duty." (Compl. ¶17(7), (8); *id.* p.21 ¶¶n, o.) The duty of loyalty claim is redundant, because it is merely "one type of fiduciary duty." *United States v. Smith*, 985 F. Supp. 2d 547, 600 (S.D.N.Y. 2014), *aff'd*, 664 F. App'x 23 (2d Cir. 2016); *accord, e.g., Balaj v. L&N Twins Place LLC*, No. 20-1858, 2020 WL 7211235, at \*3 (S.D.N.Y. Dec. 4, 2020).

Plaintiffs fail to state such claims. Zoni and Michaels as FASPE employees cannot do so because "employment relationships do not create fiduciary relationships. Simply put, the employer [FASPE] did not owe plaintiff[s], as employee[s], a fiduciary duty." *Rather v. CBS Corp.*, 68 A.D.3d 49, 55, 886 N.Y.S.2d 121, 125 (1st Dep't 2009) (court's brackets & internal quotation marks omitted); *see also, e.g., Hallett v. Stuart Dean Co.*, No. 20-3881, ___ F. Supp. 3d ___, 2021 WL 405831, at \*22 (S.D.N.Y. Feb. 5, 2021) ("[T]he employer-employee relationship is not fiduciary in nature"); *Hermant Patel M.D., P.C. v. Bandikatla*, No. 18-10227, 2019 WL 6619344, at \*4 (S.D.N.Y. Dec. 5, 2019) ("[N]o fiduciary relationship arises from an employment relationship").

The same is true of McCone, as an independent contractor. *See, e.g., Williams Trading LLC v. Wells Fargo Sec., LLC*, 553 F. App'x 33, 35 (2d Cir. 2014) (Wells Fargo owed Williams no "fiduciary duties," because "Wells Fargo's relationship to Williams is that of an 'independent contractor'"); *Gersten-Hillman Agency, Inc. v. Heyman*, 68 A.D.3d 1284, 1286, 892 N.Y.S.2d 209, 212 (3d Dep't 2009) (no fiduciary duty arises where "the complaint expressly alleges that defendant was hired as an independent contractor"); *Walman v. Englishtown Sportswear, Ltd.*, 92 A.D.2d 833, 835-36, 460 N.Y.S.2d 552, 556 (1st Dep't 1983) (Defendant's employment of plaintiff as an independent sales representative "does not make that defendant a fiduciary");

15

*Chrysler Credit Corp. v. Dioguardi Jeep Eagle, Inc.*, 192 A.D.2d 1066, 1067, 596 N.Y.S.2d 230, 232 (4th Dep't 1993) ("The existence of a contractual relationship between the parties, by itself, created no fiduciary duty").

There was no duty of loyalty or fiduciary duty running from Defendants to Plaintiffs. Accordingly, the Complaint fails to state a claim for breach of such nonexistent duties and to the extent it attempts to do so should be dismissed under Rule 12(b)(6).

## IX.    The Complaint Fails to State Any Fraud Claims.

The Complaint asserts claims for "common law fraud," "fraud in the inducement," and "intentional misrepresentation." (Compl. ¶¶17(10)-(12); *id.* p.21 ¶¶p, r, s.) "Under New York law, a claim for intentional misrepresentation is identical to a claim for fraud. Fraud requires proof of (1) a material misrepresentation or omission of fact, (2) knowledge of the fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 460 F. Supp. 3d 481, 500 (S.D.N.Y. 2020) (internal quotation marks, brackets, & citation omitted); *accord, e.g., Patel*, 2019 WL 6619344, at *3. The elements of fraud in the inducement are similar: that defendant "(1) made a material misrepresentation, (2) knowing of its falsity, (3) intending to defraud; (4) that plaintiff reasonably relied on the misrepresentation; and (5) that plaintiff suffered damage as a result." *Hallett*, 2021 WL 405831, at *21. By no stretch of the imagination do these causes of action have any conceivable relationship to Zoni or Michaels, who are alleged to have been at-will employees of FASPE terminated from their employment, either actually or constructively.

That leaves McCone, who is alleged to have had an independent contractual relationship with FASPE. The important point in assessing the possibility of a claim by McCone is that "a fraud claim may not be used as a means of restating what is, in substance, a claim for breach of contract."

*FPP, LLC v. Xaxis US, LLC*, 764 F. App'x 92, 94 (2d Cir. 2019) (quoting *Walls v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006)); *see also, e.g., Bd. of Mgrs. of Beacon Tower Condo. v. 85 Adams St., LLC*, 136 A.D.3d 680, 684, 25 N.Y.S.3d 233, 239 (2d Dep't 2016) ("A cause of action alleging fraud does not lie where the only fraud claim relates to a breach of contract"); *Hallett*, 2021 WL 405831, at *21 ("[A] claim for failure to perform a contract sounds only in breach of contract, not in fraudulent inducement"). "[W]here a fraud claim arises out of the same facts as plaintiff's breach of contract claim, with the addition only of an allegation that defendant never intended to perform the precise promises spelled out in the contract between the parties, the fraud claim is redundant and plaintiff's sole remedy is for breach of contract." *NRW, Inc. v. Bindra*, 775 F. App'x 22, 24 (2d Cir. 2019) (quoting *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001)); *accord, e.g., Hallett*, 2021 WL 405831, at *21; *see also, e.g., In re Part 60 Put-Back Litig.*, No. 84, ___ N.Y.3d ___, 2020 WL 7497993, at *9 (Dec. 22, 2020) ("Here, plaintiff alleges that defendants failed to deliver mortgage loans that complied with the representations and warranties defendants made in the contracts," which "sounds purely in breach of contract. Plaintiff's assertion that defendants committed fraud by entering into the relevant contracts with no intention of delivering loans that complied with the representations and warranties does not require a different conclusion").

Here, the Complaint does not even bother to allege fraudulent intent, while on the other hand alleging McCone "relied" *on her contract* with FASPE, referring repeatedly to her "direct reliance on th[e] *contractual arrangement*" (Compl. ¶¶40-41, emphasis added), as well as to the "*express terms of the agreement*" (Compl. ¶41, emphasis added). The Complaint goes on to allege that "McCone was informed that Goldman," Chairman of FASPE's Board of Directors, "was not satisfied with her work and was unilaterally changing the consulting agreement, without additional

17

consideration, to pay the remaining [amount of McCone's] fee only if she provided eight and a half (8.5) more months of service – extending the original six (6) month term to fourteen and a half (14.5) months!" (Compl. ¶45.) That is an attempt to plead, if anything, a breach of contract. The Complaint is thus impermissibly asserting a putative fraud claim "as a means of restating what is, in substance, a claim for breach of contract." *FPP*, 764 F. App'x at 94. Accordingly, to the extent the Complaint attempts to state a claim for common law fraud, or intentional misrepresentation, or fraud in the inducement, it should be dismissed under Rule 12(b)(6) for its failure to do so.

## X.    The Complaint Fails to State Claims in Quasi-Contract.

The Complaint attempts to state claims for promissory estoppel, "estoppel" (which Defendants assume means equitable estoppel), and unjust enrichment. (Compl. ¶¶17(5), (17), (18); *id.* p.21 ¶¶*l*, x, y). The elements of promissory estoppel are (1) "a clear and unambiguous promise," (2) "reasonable and foreseeable reliance by the party to whom the promise is made," and (3) "an injury sustained by the party asserting the estoppel by reason of the reliance." *Can't Stop Prods., Inc. v. Sixuvus, Ltd.*, 295 F. Supp. 3d 381, 402 (S.D.N.Y. 2018). The elements of equitable estoppel with respect to the party estopped are "(1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts." *Pilkington*, 460 F. Supp. 3d at 497. The party asserting estoppel must show with respect to herself: "(1) lack of knowledge and of the means of knowledge of the true facts; (2) reliance upon the conduct of the party to be estopped; and (3) [a] prejudicial change[] in [her] position." *Id.* at 497-98. The elements of unjust enrichment are that: "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P.*

*v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).

Unjust enrichment theory is obviously inapplicable here to any of the Plaintiffs, as are the two estoppel theories for the reasons discussed in the preceding section. *See also, e.g., Poplar La. Farm, LLC, E. v. Fathers of Our Lady of Mercy*, 449 F. App'x 57, 59 (2d Cir. 2011) (Plaintiffs may not "repackage" disputes that are contractual "as sounding in fraud, conversion, and other torts, as well as unjust enrichment, implied and quasi-contract, and quantum meruit"); *Karmilowicz v. Hartford Fin. Servs. Grp.*, 494 F. App'x 153, 157 (2d Cir. 2012) ("[Q]uasi-contract theories of recovery," including unjust enrichment and promissory estoppel, are "unavailable where [as here] an express contract covers the subject matter"); *Doe v. Colgate Univ.*, 457 F. Supp. 3d 164, 175 (N.D.N.Y. 2020) ("[T]he quasi-contractual cause of action for equitable estoppel applies only in the absence of an express or implied agreement between the parties"); *accord, e.g., Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 54 (2d Cir. 2011); *ID Beauty S.A.S. v. Coty Inc.*, 164 A.D.3d 1186, 1186, 84 N.Y.S.3d 449, 450 (1st Dep't 2018); *Guerrero v. W. 23rd St. Realty, LLC*, 45 A.D.3d 403, 404, 846 N.Y.S.2d 41, 42 (1st Dep't 2007).

Accordingly, to the extent the Complaint attempts to state claims for promissory or equitable estoppel, or for unjust enrichment, it fails to do so and should be dismissed under Rule 12(b)(6).

## XI.    The Complaint Fails to State Any Negligence Claims.

The Complaint attempts to state claims for "negligence and negligent misrepresentation." (Compl. ¶17(13); *id.* p.21 ¶t.) The elements of a negligence claim are: "(1) a duty owed to the plaintiff by the defendant; (2) breach of that duty; and (3) injury substantially caused by that breach." *Banco Indus. de Venezuela, C.A. v. CDW Dir., L.L.C.*, 888 F. Supp. 2d 508, 512 (S.D.N.Y. 2012). The elements of a negligent misrepresentation claim are "that (1) due to a special

FP 39838177.5

relationship, defendants owed a duty to give correct information to the plaintiff; (2) defendants made a false representation that they should have known was false; (3) they knew that the information was desired by plaintiff for a serious purpose; (4) plaintiff intended to rely and act upon it; and (5) [s]he did rely upon it, reasonably, to h[er] detriment." *Hallett*, 2021 WL 405831, at *21. Upon mere review of these elements, it is immediately obvious that the Complaint states no such claims. But the claims are precluded for other reasons as well.

First, any negligence claims by Zoni and Michaels, former FASPE employees, are "precluded by the exclusive remedy provisions of New York's Workers' Compensation statute." *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 138 (2d Cir. 2001) (citing N.Y. Workers' Comp. Law §§29(6), 11); *see also, e.g., Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 327 (S.D.N.Y. 2012) ("Even if the complaint adequately alleged negligence and negligent misrepresentation, these causes of action still would fail because the New York Workers' Compensation Law is 'the exclusive remedy to an employee'" for negligence) (quoting N.Y. Workers' Comp. Law §29(6)).

Second, none of the Plaintiffs states a claim for negligent misrepresentation, because an employment or contractual relationship, standing alone, is not the "special relationship" required to state such a claim. "The special relationship must be in the nature of a 'fiduciary' relationship." *Hallett*, 2021 WL 405831, at *22. As discussed above neither an employment nor a contractual relationship qualifies as a fiduciary relationship (*supra* Point VII). *See also, e.g., Gen. Ins. Co. of Am. v. K. Capolino Constr. Corp.*, 983 F. Supp. 403, 436 (S.D.N.Y. 1997) ("[T]he absence of a special relationship distinct from the contract precludes a claim of negligent misrepresentation"); *Sabilia v. Richmond*, No. 11-793, 2011 WL 7091353, at *20 (S.D.N.Y. Oct. 26, 2011) ("In the absence of a special relationship distinct from the contract, a negligent misrepresentation claim must fail"), *adopted*, 2012 WL 213656 (S.D.N.Y. Jan. 24, 2012); *Hallett*, 2021 WL 405831, at

20

*22 ("The special relationship must be in the nature of a 'fiduciary' relationship," but "[t]he employer-employee relationship is not fiduciary in nature").

Third, with respect particularly to McCone, New York law "does not recognize a cause of action for the negligent performance of a contract. Thus, to prevail on a negligence claim, [the plaintiff] must demonstrate that Defendants breached a duty independent from their obligations under the contract." *Cohen*, 874 F. Supp. 2d at 326; *see also, e.g., Clark-Fitzpatrick, Inc. v. LIRR*, 70 N.Y.2d 382, 389, 521 N.Y.S.2d 653, 656-67, 516 N.E.2d 190, 193-94 (1987) (Breach of contract "is not to be considered a tort unless a legal duty independent of the contract itself has been violated," and the duty "must spring from circumstances extraneous to, and not constituting elements of, the contract"); *Banco Indus.*, 888 F. Supp. 2d at 512. As in *Cohen*, the Complaint here "does not state what duty of care Defendants owed, let alone how they breached that duty." *Cohen*, 874 F. Supp. 2d at 326-27.

For all these reasons, the Complaint fails to state claims for negligence or negligent misrepresentation. To the extent it attempts to do so, it should be dismissed under Rule 12(b)(6).

## XII.   The Complaint Fails to State a Defamation Claim.

The Complaint attempts to state a claim for defamation on behalf of each Plaintiff. (Compl. ¶¶17(15), 29, 37, 47; *id.* p.21 ¶v.) "Defamation is [] injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Ganske v. Mensch*, 480 F. Supp. 2d 542, 551 (S.D.N.Y. 2020) (Abrams, J.). To state a claim for defamation, "the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on [the] part of the publisher; (4) that either constitutes defamation per se or caused special damages." *Evliyaoglu Tekstil A.S. v. Turko Textile LLC*, No. 19-10769, 2020 WL 7774377, at *3 (S.D.N.Y. Dec. 30,

2020); *see Ganske*, 480 F. Supp. 2d at 551. "[A] pleading is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated." *Blige v. CUNY*, No. 15-8873, 2017 WL 498580, at *11 (S.D.N.Y. Jan. 19, 2017), *adopted*, 2017 WL 1064716 (S.D.N.Y. Mar. 21, 2017); *Evliyaoglu*, 2020 WL 7774377, at *3. A one-year statute of limitations applies to defamation claims, NYCPLR §215(3), and begins running "at the time of the 'first publication,'" *Deaton v. Napoli*, No. 17-4592, 2019 WL 4736722, at *5 (E.D.N.Y. Sept. 27, 2019); *accord, e.g., Goldman v. Barrett*, 733 F. App'x 568, 569 (2d Cir. 2018); *Ramsay v. Imogene Bassett Hosp.*, 113 A.D.2d 149, 151, 495 N.Y.S.2d 282, 284 (3d Dep't 1985).

With respect to Zoni, the Complaint alleges a "prospective employer, Andrzej Rojek, who had expressed a desire to hire Zoni ..., called Goldman as a reference for Zoni. Goldman spoke extremely negatively and inaccurately about Zoni and told Rojek not to hire her. As a proximate result of that defamation by Goldman, the offer was never made and Zoni remained out of work and without health insurance for over six (6) months." (Compl. ¶29.) Zoni alleges she resigned from FASPE on November 2, 2018. (Compl. ¶28.) That means the Rojek-Goldman conversation must have taken place no later than June 1, 2019, one day short of seven months after Zoni's resignation. The Complaint was not filed until July 14, 2020, more than one year later. Accordingly, Zoni's attempt to state a defamation claim fails because, among other defects, it is time-barred.

With respect to Michaels, the Complaint alleges "Defendants" stated "maliciously and incorrectly to, among others, the New York Department of Labor and Unemployment, that she had abandoned her position with the company." (Compl. ¶37.) This is closely analogous to the allegation in *Blige* that defendant "CUNY and 'Human Resources (HR)' falsely reported to the

22

DOL [i.e., New York State Department of Labor] that [plaintiff] was suspended for sexual harassment." *Blige*, 2017 WL 498580, at *11. The court held those assertions "too vague and conclusory to state a claim for defamation. Plaintiff does not identify *which CUNY employee* made the statement, nor does he allege *when the statement was made* or *who at the DOL was the recipient* of the statement. These omissions are fatal to his claim." *Id.* (emphasis added). Here, too, the Complaint does not say who made the alleged statement, when the statement was made, or who at the DOL received the statement. Those omissions are fatal to Michaels' claim, just as they were to Blige's.

Michaels' claim also fails for a more fundamental reason: Communications with the DOL relating to unemployment compensation are "subject to an absolute privilege under New York law" and cannot be the basis of a defamation claim. *Id.*; *accord, e.g., Paul v. Lenox Hill Hosp.*, No. 13-1566, 2016 WL 47775532, at *23 (E.D.N.Y. Jan. 15, 2016), *adopted*, 2016 WL 1271034 (E.D.N.Y. Mar. 28, 2016); *Burnett v. Trinity Inst. Homer Perkins Ctr., Inc.*, No. 10-681, 2011 WL 281023, at *5 (N.D.N.Y. Jan. 25, 2011); *Viruet v. Citizen Advice Bureau*, No. 01-4594, 2002 WL 1880731, at *23 (S.D.N.Y. Aug. 15, 2002).

With respect to McCone, the Complaint alleges that Defendant Goldman "went out of his way to disparage her and her reputation within FASPE and the industry citing among other things her 'advanced age' and 'unprofessionalism.'" (Compl. ¶47.) This, too, is far too vague to survive a Rule 12(b)(6) motion. There is no clear indication of what these communications were or to whom they were directed, let alone when they were made. *See Blige*, 2017 WL 498580, at *11; *Evliyaoglu*, 2020 WL 7774377, at *3.

The Complaint accordingly fails to state any claim for defamation upon which relief can be granted, and to the extent it attempts to state such a claim it should be dismissed under Rule

12(b)(6).

**XIII.   The Complaint Fails to State a Tortious Interference Claim.**

The Complaint attempts to state a claim for "[t]ortious interference with actual and/or prospective business dealings." (Compl. p.21 ¶u; *id.* ¶17(14).) Defendants understand this to be an attempt to state a claim for (1) tortious interference with contract "and/or" (2) tortious interference with prospective economic advantage.

The elements of tortious interference with contract are: "(a) that a valid contract exists; (b) that a 'third party' [i.e., the defendant] had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach result[ed] in damage to the plaintiff." *Ganske v. Mensch*, 480 F. Supp. 3d at 556. The only contract alleged in the Complaint is the one between McCone and FASPE, and the Complaint alleges that Goldman "unilaterally change[ed]" the contract on FASPE's behalf, which sounds more or less like a breach of contract. (Compl. ¶45.) That cannot give rise to a tortious interference claim against Goldman, who was acting in his capacity as FASPE's Chairman. (Compl. ¶5.) As this Court's recitation of the elements of the claim in *Ganske* shows, "[a] claim for tortious interference with a contract must be based on a non-party improperly interfering with a contract between two contracting parties, and cannot be based on the actions of a director or officer in his official capacity." *Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 336 (S.D.N.Y. 2012) (internal quotation marks & emphasis omitted). The Complaint accordingly fails to state a claim for tortious interference with contract.

In support of their assertion of a claim for tortious interference with prospective economic advantage, Plaintiffs perhaps have in mind the telephone conversation between the "prospective employer" of Zoni, Andrzej Rojek, and Goldman, in which "[a]s a proximate result of th[e]

24

defamation" of Zoni by Goldman, the job offer "was never made." (Compl. ¶29.)[4] If that is what Plaintiffs have in mind, the allegation fails to state a tortious interference claim, because the very same allegation is the only conceivable support for Zoni's attempt to state a defamation claim. Thus, "[a]lthough Plaintiff [Zoni] gives it a different label, h[er] tortious interference cause of action is indistinguishable from [her] defamation cause of action" and "must be dismissed" as "duplicative of h[er] defamation claim." *Ganske v. Mensch*, 480 F. Supp. 3d at 556 (internal quotation marks omitted); *see also, e.g., Deaton*, 2019 WL 4736722, at *9 ("Insofar as [plaintiffs' tortious interference] claim is based on defamatory statements, their alleged injuries flow directly from such statements and the impact they had on their reputation. Because [plaintiffs'] tortious interference claim sounds in defamation, it must be dismissed as duplicative"); *Goldman*, 733 F. App'x at 571 (affirming dismissal of defamation and tortious interference claims, the latter as "duplicative" of the defamation claim because based on the same "alleged statements to Plaintiffs' business partners").[5]

Though this is perhaps redundant, where a plaintiff's tortious interference claim is, "in essence, one for defamation," it is "thereby subject to the one year Statute of Limitations" applicable to defamation claims. *Ramsey*, 113 A.D.2d at 151, 495 N.Y.S.2d at 284; *see also, e.g.,*

---

[4] The elements of tortious interference with prospective economic advantage are that plaintiff "(1) had a business relationship with a third party; (2) the defendant knew of that relationship and intentionally interfered with it; (3) the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship." *Evliyaoglu*, 2020 WL 7774377, at *2.

[5] In *Goldman*, a defendant's "alleged statements to Plaintiff's potential business partners" were "what is alleged to have harmed their reputation *and* to have interfered with prospective economic advantage. Even if the Defendants possessed more than one intention, Plaintiffs have not alleged an independent source of harm. The tortious interference claim was therefore properly dismissed as duplicative of the defamation claim because any economic damages derive from the defamatory statements." 733 F. App'x at 571 (citation omitted; emphasis added).

*Deaton*, 2019 WL 4736722, at *9-10 ("[G]iven the Court's finding" that plaintiffs' "tortious interference claim sounds in defamation," the "one-year statute of limitations for defamation applies"); *accord, e.g., Goldman v. Barrett*, No. 15-9223, 2017 WL 4334011, at *8 n.8 (S.D.N.Y. July 25, 2017), *aff'd*, 733 F. App'x 568 (2d Cir. 2018). Since, as discussed above, Zoni's putative defamation claim is time-barred, so is her putative tortious interference claim.

Accordingly, to the extent the Complaint attempts to state any tortious interference claims, it fails to do so and should be dismissed under Rule 12(b)(6).

## XIV.  The Complaint Fails to State a Conversion Claim.

It's difficult to see why the Complaint even bothers to mention conversion (Compl. ¶17(16); *id.* p.21 ¶w). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession." *Colovito v. N.Y. Organ Donor Network, Inc.*, 8 N.Y.3d 43, 49-50, 827 N.Y.S.2d 96, 100, 860 N.E.2d 713, 717 (2006). The plaintiff must demonstrate that "the property subject to conversion is a specific identifiable thing." *Trahan v. Lazar*, 457 F. Supp. 3d 323, 356 (S.D.N.Y. 2020); *accord, e.g., CSI Grp. v. Harper*, 153 A.D.3d 1314, 1320-21, 61 N.Y.S.3d 592, 599 (2d Dep't 2017). There are no allegations in the Complaint that by any stretch of the imagination could fit this description. The Complaint should therefore be dismissed under Rule 12(b)(6) to the extent it attempts to state a claim for conversion.

## CONCLUSION

Plaintiffs' federal claims, under Title VII and the ADEA, fail  and should be dismissed with prejudice because Plaintiffs failed to exhaust administrative remedies and it is too late for them to do so; because McCone, as an independent contractor, cannot assert a Title VII or ADEA claim; and because Plaintiffs impermissible assert their claims against the individual Defendants.

FP 39838177.5

Most of Plaintiffs' state law claims should be dismissed on their merits because of their lack of merit, so that neither the New York courts nor the parties have to waste time and resources litigating them further. Moreover, McCone's NYSHRL and whistleblower claims should be dismissed with prejudice because she was an independent contractor with FASPE, not an employee, and no amendment to the Complaint could change that.

With regard to any remaining claims, Defendants respectfully submit that the Court should exercise its discretion under 28 U.S.C. §1367(c) to dismiss them, leaving it to Plaintiffs to decide whether it is worthwhile to pursue the vestiges of this litigation in state court.

Respectfully submitted,
FISHER & PHILLIPS LLP
Attorneys for Defendants

By:   *s/David E. Strand*
DAVID E. STRAND
For Fisher & Phillips LLP

Dated: March 16, 2021

27